CARI A. COHORN (State Bar No. 249056)
COHORN LAW
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 993-9005
Fax: (415) 365-9650
Email: cohorn@cohornlaw.com

Attorneys for Plaintiffs/Counterdefendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 'A' RECORDINGS LTD, a UK Private Limited Company, and ANTON NEWCOMBE, an individual doing business as BRIAN JONESTOWN MASSACRE,<br><br>Plaintiffs,<br><br>v.<br><br>MATT HOLLYWOOD, an individual,<br><br>Defendant. | Case No: 3:17-cv-06442-VC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS**<br><br>**Fed. R. Civ. P. 12(b)(6)**<br><br>Date: July 19, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |
| MATT HOLLYWOOD, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>'A' RECORDINGS LTD, a UK Private Limited Company, and ANTON NEWCOMBE, an individual doing business as BRIAN JONESTOWN MASSACRE,<br><br>Counterdefendants. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 19, 2018 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs and Counterdefendants 'a' Recordings Ltd. and Anton Newcombe will, and hereby do, move the Court for an order dismissing the Second, Third, Fourth, and Fifth Causes of Action of Defendant and Counterclaimant Matt Hollywood's Second Amended Counterclaims (Dkt. No. 35, filed 5/21/18, incorrectly captioned "First Amended Answer; Affirmative Defenses; and First Amended Counterclaims") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities filed herewith, all pleadings and papers on file in this action, and argument and evidence to be presented at the hearing on the motion.

Dated:  June 4, 2018                             COHORN LAW

                                                By  *Cari A. Cohorn*
                                                    Cari A. Cohorn
                                                    Attorneys for Plaintiffs/Counterdefendants 'a'
                                                    Recordings Ltd and Anton Newcombe

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA  94111
Telephone:  (415) 993-9005

MOTION TO DISMISS SECOND AMENDED ANSWER/COUNTERCLAIMS
– Case No. 3:17-cv-06442-VC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Second Amended Counterclaims (Dkt. No. 35, filed 5/21/18, incorrectly captioned "First Amended Answer; Affirmative Defenses; and First Amended Counterclaims," referred to herein as the "SACC") Defendant and Counterclaimant Matt Hollywood attempts for the third time to assert claims for (1) Declaratory Relief Under the Copyright Act, (2) Fraud in the Concealment, (3) Breach of Fiduciary Duty, (4) Unjust Enrichment, and (5) Accounting. The current iteration of Defendant's claims suffers from many of the same defects addressed by Plaintiffs' motion to dismiss the First Amended Counterclaims. Plaintiffs and Counterdefendants 'a' Recordings Ltd. and Anton Newcombe (together, "Plaintiffs") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss portions of the SACC with prejudice, as follows:

First, the causes of action for Fraud in the Concealment, Breach of Fiduciary Duty, Unjust Enrichment, and (to the extent it sounds in fraud) Accounting should be dismissed for failure to plead with the required particularity. Second, the Prayer for punitive damages should be because Defendant fails to adequately plead any tort claim. As Defendant has now unsuccessfully attempted three times to plead these claims, Plaintiffs respectfully request that the claims be dismissed without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Anton Newcombe created the musical recording and live performance art project Brian Jonestown Massacre ("BJM") in or around 1990. Over the ensuing decades, Newcombe – doing business as BJM – has produced, recorded, and released dozens of albums of original music and has performed in venues throughout the world. He has done so with a revolving cast of 40 or more musicians. One of those musicians was Hollywood, who played with BJM off-and-on from approximately 1991 through approximately 1998.

---

[1] The factual allegations set forth herein are taken from Plaintiffs' First Amended Complaint (Dkt. No. 9, filed 1/16/18).

During the 1990s, Hollywood authored and coauthored certain musical compositions and played on certain BJM sound recordings. For decades, Newcombe (recently, through his record label, Plaintiff 'a' Recordings) distributed recordings of BJM works, including recordings of compositions authored or coauthored by Hollywood. On or about November 30, 2016, Hollywood asserted, through his counsel, that he had not authorized Plaintiffs' use of his compositions, that he was owed royalties, and that he is a co-author of certain BJM sound recordings. Plaintiffs dispute Hollywood's claims and initiated this action seeking a judicial determination of the Parties' respective rights. Hollywood asserted counterclaims against each Plaintiff; Plaintiffs' motion to strike and to dismiss those counterclaims (Dkt. No. 27, filed 2/26/18) was granted in part (*see* Order, Dkt. No. 34, filed 4/30/18).

Defendant's SACC continues to suffer from many of the same defects that caused the Court to grant in part Plaintiffs' motion to strike and to dismiss portions of the First Amended Answer; Affirmative Defenses; and First Amended Counterclaims (*see* Order, Dkt. No. 34, filed 4/30/18, referred to herein as "Order") – as well as others. Most significantly, Defendant fails to plead allegations of fraud with the required specificity. Accordingly, his claims for Fraud in the Concealment, Breach of Fiduciary Duty, Unjust Enrichment, and Accounting fail, as does his prayer for tort remedies. As Defendant has now attempted three times to properly plead his claims, Plaintiffs respectfully request that the Court dismiss his claims without leave to amend.

### III. THE SECOND THROUGH FIFTH CAUSES OF ACTION AND THE PRAYER FOR TORT REMEDIES SHOULD BE DISMISSED

The Court should dismiss several of Defendant's claims pursuant to Rule 12(b)(6) because the Counterclaims lack sufficient facts under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). An improper request for relief is also subject to dismissal under 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Walker v. McCloud Cmty. Servs. Dist.*, No. 2:16-61 WBS CMK, 2016 WL 951635 at *2

(E.D. Cal. Mar. 14, 2016) ("[t]he proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12 (b)(6)…").

### A. Hollywood Fails to Plead Fraud with Particularity, and Each Cause of Action Sounding in Fraud Should Be Dismissed

Hollywood fails to meet the heightened standard mandated by Rule 9(b) of the Federal Rules of Civil Procedure, which requires a plaintiff to "state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). That is, a plaintiff must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.2011)). Further, a plaintiff must allege that he relied on the fraudulent statement(s) and that such reliance was reasonable. *E.g., Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996). *Brown v. Lockwood*, 76 A.D.2d 721, 730 (1980).

Hollywood falls far short of this requirement. For example, he alleges that Newcombe made certain promises "between 1993 and 1999" (SACC, ¶¶ 38, 34) and "assurances" between 1991 and 2015 (*id.* at ¶88). In some instances, Hollywood attempts to bolster his claimed "reliance"[2] by pointing to *truthful statements* made by Newcombe. For example, he alleges that "Newcombe promised to use licensing advances and income to pay for personal and living expenses of the band members, and did use licensing income to pay for the band member's [*sic*] living space and expenses" (*id.* at ¶ 88.c; *see also, e.g.,* ¶¶ 88(d)-(g), 89.) Clearly, truthful statements cannot form the basis of a fraud claim.

Hollywood similarly refers to promises and communications between 2009 and 2015, but again fails to identify any specific communications. The closest he comes is saying that when he inquired about payment, Newcombe said "I don't know anything about this" or "Talk to Stuart about it." (SACC, ¶¶ 91-93.) He does not allege that the statements are false – even assuming an instruction to speak to someone else could be "false" – nor does he allege he relied

---

[2] *See* SACC at pp. 29-42 (section containing ¶¶ 87-90 is headed "Reliance: Statements and Representations").

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA  94111
Telephone:  (415) 993-9005

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA  94111
Telephone:  (415) 993-9005

on them.  Hollywood goes on to allege, without detail or support, theft by agents of Plaintiffs and states – again with no detail – that Newcombe was aware of and condoned the theft. (*See, e.g.*, SACC, ¶¶ 93-95).  These very serious allegations are prime examples of why the heightened fraud pleading standard is necessary.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1004 (9th Cir. 2003) (purpose of Rule 9(b)'s heightened pleading standard is to protect parties from reputational harm from fraud charges); *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) (same).

Among the few specifically pleaded factual allegations are those that Newcombe "concealed" the registrations of certain copyrights.  (SACC ¶¶ 99-100.)  The SACC includes no discussion of how Hollywood relied on his lack of knowledge of that the copyrights had been registered or that he was harmed by the registrations. Moreover, the registrations are a matter of public record, and Hollywood has provided no explanation of why he would not have discovered the registrations through reasonable diligence or how any reliance could have been reasonable.  *Cf. Santa-Rosa v. Combo Records*, 471 F.3d 224, 228 (1st Cir. 2006) ("[plaintiff] has not satisfactorily explained why he was not put on notice by an allegedly near-total lack of payments from [defendant] spanning approximately two decades").

As for Defendant's concealment claim against 'a' Recordings, the sole basis for asserting 'a' Recordings had any duty to disclose information to Defendant is purportedly found in "partnership law and fiduciary duties" (SACC ¶ 113).  The SACC is devoid of any *factual allegations* that support the existence of any partnership or fiduciary relationship between Defendant and 'a' Recordings.  Defendant's answer includes two vague, conclusory references to an "implied equal partnership formed in 2007-2008" (SACC, Answer portion, at ¶¶ 6, 28). At a minimum, Hollywood should be required to allege *some* factual basis for his claim that 'a' Recordings was his partner and owed/owes him fiduciary duties.  *See Ashcroft, supra,* 556 U.S. at 678.

The only purportedly false statements alleged with any specificity in the SACC do not salvage the claim.  Hollywood alleges that he received accounting statements in 2017 that "demonstrated" "concealments" (SACC, ¶¶108-112).  These allegedly false accounting

statements were provided in 2017, in the course of the parties' efforts to resolve this dispute (SACC ¶¶42, 43). Hollywood further alleges that Plaintiffs "fabricated" certain claims in their Complaint filed in this action (*id.* at ¶¶ 45, 46). He does not suggest how he relied on either the accounting statements or the allegations of the complaint.[3]

In short, Hollywood cannot state a claim for fraud. Notably, he refers to "evidence" of fraud, "includ[ing] … emails between Hollywood and Gardner dating between 2006-2018…" (SACC, ¶ 107); this allegation is not made on information and belief. If Hollywood, in fact, had personal knowledge of emails proving Plaintiffs committed fraud, by his third attempt to adequately plead a fraud claim, she should have cited to those specific emails. Instead, his counterclaim relies on vague references to statements made by Newcombe at various times between 1991 and the present. Hollywood cites only a single email (*see* SACC, ¶ 97 and Exh. F) – and he does not allege that any statement in the email is false, that it was intended to deceive him, or that he reasonably relied on any statement in the email. Hollywood cannot allege the elements of a fraud claim with particularity, and Plaintiffs respectfully request that the Court dismiss the Second Cause of Action without leave to amend.

Finally, as the Court recognized in ruling on Plaintiffs' Motion to Dismiss the First Amended Counterclaims, the claims for breach of fiduciary duty and unjust enrichment are also "based on factual allegations of fraud" and must be pled with particularity. (Order at p. 1). Hollywood's state-law claim for an accounting is also based on allegations of fraud: "[Plaintiffs] have engaged in fraudulent conduct and such conduct was intended to deceive and injury" (SACC, ¶ 142). Because Defendant has not adequately alleged fraud, the other claims that rely on fraud allegations should also be dismissed.

---

[3] Nor does Hollywood provide any basis how allegations in Plaintiffs' Complaint could possibly form the basis of a fraud claim, in light of the absolute litigation privilege of California Civil Code section 47(b). *See generally Silberg v. Anderson*, 50 Cal. 3d 205, 215-16.

### B. Defendant's Prayer For Tort Damages Should be Dismissed

Defendant seeks punitive damages and exemplary damages (Prayer, ¶ 4). However, fails to properly plead any tort claim against either Plaintiff. Accordingly, there is no basis for any of these categories of relief, and the prayer should be dismissed. Further, to the extent Defendant's request for "general damages" (Prayer ¶ 2) refers to compensatory damages for non-economic injuries (such as pain and suffering or emotional distress), this request should likewise be dismissed.

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court dismiss portions of the SACC, without leave to amend, as set forth above.

Dated: June 4, 2018                                COHORN LAW


By  *Cari A. Cohorn*
    Cari A. Cohorn
    Attorneys for Plaintiffs/Counterdefendants 'a'
    Recordings Ltd and Anton Newcombe

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA  94111
Telephone:  (415) 993-9005