ERIK M. MCLAIN (State Bar No. 219008)
MCLAIN PC
114 Pacifica Ste. 470
Irvine, CA 92618
Telephone: (949) 500-2818
Email: em@mclainfirm.com

Attorney for Defendant AND Counter-Claimant
MATT HOLLYWOOD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 'A' RECORDINGS LTD, a UK Private Limited Company, and ANTON NEWCOMBE, an individual doing business as BRIAN JONESTOWN MASSACRE,<br><br>    Plaintiffs,<br><br>    v.<br><br>MATT HOLLYWOOD, an individual,<br><br>    Defendant.<br>_____<br>MATT HOLLYWOOD, an individual,<br><br>    Counter-Complainant,<br><br>VS.<br><br>'A' RECORDINGS LTD, a UK Private Limited Company, and ANTON NEWCOMBE, an individual doing business as BRIAN JONESTOWN MASSACRE, and DOES 1-20, INCLUSIVE,<br><br>    Counter-Defendants. | Case No: 5:17-cv-06442-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS (FRCP 12(B)(6))** |

**OPPOSITION TO MOTION TO DISMISS**

Counter Claimant Matt Hollywood, by and through his attorney, Erik McLain, submits the following Brief in Opposition to Counter Defendants Motion to Dismiss the Second Amended Counter Claims ("Hollywood Claims"). For the reasons set forth below, Hollywood requests that this Court deny the Motion to Dismiss in its entirety.

**I. INTRODUCTION**

Hollywood alleges in the Hollywood Claims that Anton Newcombe, individually and through his record label a Recordings LLC,, engaged in a series of fraudulent schemes that deprived Hollywood of money Counter Defendants owed Hollywood pursuant to copyright law and partnership duties.

Even under Counter-Defendants' imaginary standards of sufficient pleading, Hollywood's counter claims are so thoroughly particularized that they must survive and Counter-Defendants' motion must be dismissed. Moreover, the contention by Counter-Defendants that the pleadings are insufficient to form an answer and defense is meaningless. Counsel for C Defendants conducted 5.5 hours of deposition examination of Mr. Hollywood on June 15, 2018. At the deposition Counter Defendants' counsel examined each claim, and the basis thereof, pled in the Second Amended Counter Claim.

**ARGUMENT I. MOTION TO DISMISS STANDARD**

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v.

MCLAIN LAW FIRM
ERIK MCLAIN
114 PACIFICA SUITE 470
IRVINE, CA 92618

Twombly, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id.

In cases that include claims for fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires a more particular standard a complaint must meet, providing that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Contrary to what is seemingly advocated in **Counter-Defendants'** Motion to Dismiss, Rule 9(b) does not raise the pleading standard to the level required to survive a motion for summary judgment or to prevail at trial, requiring Hollywood to actually prove all material issues of its case; instead, Hollywood need only set forth the particular facts of the fraud, which at this stage must be accepted as true, to survive a motion for dismissal of the Counter Claims; the Counter Claims are sufficiently clear and detailed and C Def's arguments to the contrary must be disregarded

Second, the court must consider the Counter Claims in their entirety; the inquiry . . . is whether all of the facts alleged, taken collectively, give rise to any inference to the facts required to show the elements of fraud. The test is not whether any individual allegation, scrutinized in isolation, meets the standards for fraud. The same stands for the standards for a fiduciary relationship.

# HOLLYWOOD'S SECOND AMENDED PLEADINGS ARE SUFFICIENT

The pleadings in this case are free of complication: a fiduciary relationship derives from the partnership that Hollywood and Newcome formed so as to create, record, promote, and market musical compositions and the sound recordings that are associated with the compositions. The partnership was a musical band called Brian Jonestown Massacre (BJM). Hollywood was a member of BJM during the time the compositions and sound recordings that underlie this lawsuit were authored, created, produced, and published.

The specific allegations from Hollywood are:

Through their BJM partnership, Hollywood and Newcombe mutually participated in, contributed to, and creatively authored sound recordings and musical compositions. These sound recordings and compositions are identified in the Second Amended Counter Claims at Hollywood Claims.

· The sound recordings have been exploited by Newcombe and a Recordings dating to 2007 and through the present date.

· Counter Defendants knowingly denied and deprived Hollywood his share of the partnership earnings due him. These earnings include mechanical royalties, third party sync licenses, and profits from the sales of the recordings. Through his deceits, and the deceits of subordinate managers of his affairs, Newcombe has kept approximately 100% of the partnership monies from the above exploitation sources.

Counter-Defendants refused to issue statements of account from the inception of a Recordings LLC in 2007 and continued to refuse to produce account statements until

March 2017. The belated statements provided by C Defendants are laden with proof of fraud, conversion, concealment, and breach of implied licensing obligations. Delivery of these statements to Hollywood led Hollywood to discover the nature, scope, and effect of Counter-Defendants' fraud and concealment.

The Counter-Defendants controlled all knowledge and access of the accounting details. When Hollywood inquired as to such details, Counter-Defendants misled him into believing there were no profits, except from the sales of sound recordings during touring by BJM, and a handful of third party licensing syncs. By failure to account to Hollywood as to his partnership and copyright monies, Counter-Defendants waived any and all limitation of action defenses.

Hollywood's Second Amended Counter Claims particularly states facts that support each element of his claims and thus withstands Counter-Defendants' Motion to Dismiss. Hollywood has set forth detailed allegations that fulfill each and every pleading requirement under 9(b), answering the "who, what, when, where, and how" of the fraud. Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007).

**Who?**

Newcombe and his record label, A Recordings, LLC. He ratified the misconduct, deceptions, and concealments caused by his subordinate managers.

**What?**

Counter-Defendants sold and licensed musical compositions and sound recordings jointly owned by Hollywood and Newcombe. Counter-Defendants arranged their affairs to collect all of the earnings from these sales and licenses. Counter-Defendants then

jointly deceived Hollywood as to the true state of earnings derived from the exploitation. Misrepresentations and active, knowing concealment as to money available or money paid out date back to the origin of A Recordings, LLC, and continue through the present date.

Counter-Defendants' claims of express or implied repudiation fail because of the one two punch of inquiry by Hollywood which Counter-Defendants responded to by misrepresenting the actual monies earned. Hollywood inquiries about the financial status of the subject recordings and composition have been deliberately avoided, either through outright non-compliance or misrepresentation as to the actual state of affairs from 2007 through the present date.

**When?** Beginning in 2007 and continuing to the present date.

**Where?**

The musical creations were made in California, starting as early as 1991.

A Recordings, LLC was created out of New York City in 2006-2007.

Exploitation has occurred throughout the world.

**How?**

Newcombe, his label, and his subordinate managers closely controlled all financial information, then knowingly and intentionally coordinated their deceits, concealments, and conversions. This coordination was conducted through lies, deceits, misrepresentations that covered up the scope, nature, and extent of the fraud and concealment.

**OPPOSITION TO MOTION TO DISMISS**

These allegations establish the essential elements for each count in the Complaint. Because Hollywood has met the pleading requirements articulated in Rule 9(b) an.

**CONCLUSION**

For all reasons set forth above, Counter Claimant Hollywood respectfully requests that this Court deny Counter Defendants' Motion to Dismiss the Second Amended Complaint in its entirety.

Dated: June 22, 2018                                MCLAIN LAW FIRM

                                                                        **/s /*Erik McLain*** 
                                                                        Erik McLain
       Attorney for Defendant and Counter-Complainant, MATT HOLLYWOOD

MCLAIN LAW FIRM
ERIK MCLAIN
114 PACIFICA SUITE 470
IRVINE, CA 92618

**OPPOSITION TO MOTION TO DISMISS**