UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 'A' RECORDINGS LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATT HOLLYWOOD, <br><br> Defendant. | Case No. 17-cv-06442-VC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 65, 68 |

1. The plaintiffs' motion for partial summary judgment is denied because there are genuine issues of material fact as to when Hollywood's co-authorship claim accrued. A reasonable jury could conclude that at no time prior to the parties' exchange of letters in late 2016 did the plaintiffs plainly and expressly repudiate Hollywood's interests in the sound recordings. *See Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996). There is evidence in the record suggesting that before Newcombe founded 'A' Recordings his exploitation of the sound recordings would have appeared to the reasonable individual in Hollywood's situation to be consistent with, rather than in derogation of, Hollywood's interests. Then, as 'A' Recordings began re-releasing the albums – with the original liner notes – Hollywood may have had no reasonable expectation of receiving royalties as the new label was getting started. And by the time the albums were generating profits, Hollywood had rejoined the band pursuant to a vaguely-arranged compensation structure such that a reasonable jury could determine his ownership interests in the recordings were not plainly and expressly repudiated.

2. Hollywood's motion for summary judgment to establish that the plaintiffs' declaratory judgment claim is time-barred is denied. Because Hollywood admits he was not aware of

Taylor's copyright registrations in 2013 and 2014, he cannot reasonably argue that he plainly and expressly repudiated Newcombe's ownership claim at those times. *See* Hollywood Depo. at 132-36, Dkt. No. 75-1. The plaintiffs' declaratory judgment claim could not have accrued absent an element of the claim – Hollywood's repudiation. And for similar reasons, there was likely no actual controversy upon which to file a declaratory judgment action until the exchange of letters in 2016.

3. To the extent the plaintiffs claim they had a specific legal right in the form of an "implied license" or a "gratis license" to exploit Hollywood's copyright interests without compensating him, Hollywood's motion for summary judgment is granted. *Cf. Bubble Pony, Inc. v. Facepunch Studios Ltd.*, No. CV 15-601(DSD/FLN), 2017 WL 1379326, at *2 (D. Minn. Apr. 14, 2017). But to the extent Hollywood's motion is an attempt to bar the plaintiffs from defending against Hollywood's claim to recuperate profits by arguing, as an evidentiary matter, that Hollywood implicitly or explicitly informed Newcombe he could exploit the recordings without paying royalties to Hollywood, the motion is denied.

4. Lastly, Hollywood's motion for summary judgment is denied as it relates to the plaintiffs' prayer for injunctive relief because the appropriate form and scope of relief is best addressed once liability is established.


**IT IS SO ORDERED.**

Dated: April 22, 2019

_____

VINCE CHHABRIA
United States District Judge